# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Brannen Michael Stafford,<br><br>Defendant. | Case No. 16-cr-206 (SRN/KMM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Thomas M. Hollenhorst, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Brannen Michael Stafford, 20765-041, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072, pro se.

SUSAN RICHARD NELSON, United States District Judge

This case is before the Court on Defendant's Motion to Amend and/or Clarify Judgment Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure ("Motion") [Doc. No. 48]. For the reasons set forth below, the Court denies Defendant's Motion.

**I.    Background**

On September 24, 2015, Defendant sold 403.57 grams of methamphetamine to a confidential informant. (Plea Agreement [Doc. No. 31] at ¶ 2.) As a result, on July 26, 2016, Defendant was charged with distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. 18 §§ 841(a)(1) and 841(b)(1)(A). (*Id.* at ¶ 1.) On December 6, 2016, Defendant pled guilty to distribution of five grams or more of methamphetamine in

1

violation of 21 U.S.C. 18 §§ 841(a)(1) and 841(b)(1)(B). (*Id.*)

On April 26, 2017, the Court sentenced Defendant to 60 months' imprisonment. (Sentencing J. [Doc. No. 43] at 2.) Although Defendant faced a guideline range of 151 to 188 months' imprisonment, the Court granted a very significant downward variance. (Statement of Reasons [Doc. No. 44] at 1.) As part of its reasoning, the Court found that because Defendant had "voluntarily entered and successfully completed the 13-month inpatient program at MN Teen Challenge," among other mitigating factors, Defendant was entitled to a downward variance from the guideline range. (*Id.* at 4.)

On May 4, 2018, Defendant filed this Motion asking the Court to amend or clarify judgment to reflect a credit for the time he spent in the Minnesota Teen Challenge program from the date of his arrest on July 28, 2016, to the date of his completion of the program on March 31, 2017. (Def.'s Mot. at 1.)

## II. Discussion

Federal Rule of Civil Procedure 60(a) states that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Similarly, Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Defendant's argument that he should receive a sentencing credit is premised on the assumption that this Court made a clerical error by not including a provision in the judgment giving Defendant credit for the time he served in the Minnesota Teen

2

Challenge program. (Def.'s Mot. at 2.) Defendant also relies on *United States v. Mindy Lea Lackmore-Mueller*, No. 08-cr-260 (D. Minn. Apr. 5, 2010), in support of his position that his sentence should be so reduced. The defendant there faced a guidelines range of 97 to 121 months, but was granted a downward variance to 60 months' imprisonment. (Lackmore-Mueller Sentencing J. [Doc. No. 169] at 2.) In that case, it appears that the Court built credit for time served at the Minnesota Teen Challenge inpatient treatment program into the defendant's sentence. (*Id.*)

Here, this Court granted a *significant* downward variance from the guidelines range at sentencing—from 151 to 188 months to 60 months' imprisonment. (Sentencing J. at 4.) The Court did this, in large part, due to Defendant's participation in the Minnesota Teen Challenge program. (*Id.*) As the Court noted at sentencing, Defendant's participation in and completion of the Minnesota Teen Challenge program was highly commendable and bodes very well for the future. Accordingly, the sentence that Defendant received was fair and just. There was no oversight or omission here. A further reduction of Defendant's sentence would not be appropriate under all of the facts and circumstances of this case.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion [Doc. No. 48] is **DENIED.**

Dated: March 8, 2019            s/ Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge